**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DWAYNE N. WAKEFIELD,<br><br>       Plaintiff,<br><br>    v.<br><br>OFFICER MICHAEL PASTORE, et al.,<br><br>       Defendants. | Civil Action No.<br>19-14150 (RBK) (JS)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is a state prisoner and he is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983.  For the reasons stated in this Opinion, the Court will dismiss the Complaint.

## I.  BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion.  Plaintiff names Michael Pastore, the Middle Township Police Department, and the Cape May County Prosecutor's Office, as Defendants in this matter.  This case arises from the criminal investigation and resulting conviction and sentence in Plaintiff's underlying criminal case.  Although the Complaint does not specify many details regarding the underlying proceedings, the Court takes judicial notice that Plaintiff is serving a sixteen-year sentence for drug distribution charges and began serving that sentence in 2018.

Plaintiff alleges that in 2016, a friend of his, William Wilson, informed him of certain information.  According to Mr. Wilson, two Cape May County officers were transporting Mr. Wilson from Pennsylvania to New Jersey.  At some point during this trip, one of the officers, Defendant Pastore, received a call and kept repeating "Yeah, we fucked that one up." (ECF No. 1,

at 3). The other officer asked what the call was about, and Defendant Pastore replied, "Dwayne Wakefield's case. We fucked that one up." *Id*.

At some point during Plaintiff's criminal case, he had the Public Defender's Office interview Mr. Wilson, and on November 1, 2017, an investigator issued a report. According to that report, Mr. Wilson repeated the information above. Additionally, Mr. Wilson stated that Defendant Pastore accused Plaintiff of endangering the welfare of a child for "selling dope with 6 kids in the house," and that Plaintiff was "done for." (ECF No. 1, at 7). Defendant Pastore "stated that he would personally do whatever he had to do to 'get Wakefield' because the detective was sure that Wakefield was involved in a shooting in Whitesboro but nothing ever came of the charges against Wakefield." (*Id*.). Defendant Pastore was the lead detective in Plaintiff's underlying criminal case.

In light of these discoveries, Plaintiff filed a motion to suppress and a motion to disclose the confidential informant that was involved in his underlying case. The state trial court denied his motions and his appeals are still pending. Plaintiff alleges, without any specificity, that Defendant Pastore committed some kind of misconduct or fabricated evidence, which caused a break in the chain of custody, his arrest to lack probable cause, and Plaintiff's ultimate conviction.

Plaintiff also takes issue with the fact that the Cape May County Prosecutor's Office collaborated with Defendant Pastore to "to gain leverage" on other criminals to use against Plaintiff. In Plaintiff's view, these new charges are a "malicious[] prosecution" to replace the earlier "messed up case." (ECF No. 1, at 4). Additionally, Plaintiff alleges that the Prosecutor's Office violated his rights, because it had not responded to his letters, complaints, and requests for an investigation.

On January 31, 2019, Plaintiff filed the instant Complaint, raising claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, without delineating any of his claims.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

**1. First Amendment Claims**

To the extent Plaintiff contends that the Cape May County Prosecutor's Office violated his First Amendment rights by ignoring his communications, the Court will dismiss those claims with prejudice.

Generally, the First Amendment confers a "right to petition the Government for redress of grievances," which traditionally involves access to the courts. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.17 (3d Cir. 2018); *Horsh v. Clark*, No. 17-316, 2019 WL 1243009, at *5 (W.D. Pa. Mar. 18, 2019). The First Amendment does not, however, "impose any affirmative obligation on the government to listen, to respond or . . . to recognize" a grievance. *E.g.*, *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979); *see also Minnesota State Bd. Community Colleges v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications.").

Consequently, although ignoring Plaintiff's communications could theoretically violate other rights, they did not, standing alone, violate the First Amendment.

### 2. Fifth Amendment Claims

To the extent Plaintiff alleges that Defendants violated his rights to due process under the Fifth Amendment, the Court will dismiss those claims with prejudice. The Fifth Amendment's protection of due process only applies to the federal government and not to state or local governments, which are at issue here. *Nguyen v. U.S. Catholic Conf.*, 719 F.2d 52, 54–55 (3d Cir. 1983); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) ("the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials").

### 3. Sixth and Eighth Amendment Claims

Next, Plaintiff claims, with no further elaboration, that Defendants violated his Sixth and Eighth Amendment rights. Generally, under the Sixth Amendment, such rights "consist of the rights to a speedy and public trial; to an impartial jury; to be informed of the accusations against him; to confront the witnesses against him; to subpoena favorable witnesses; and to have the assistance of counsel in his defense." *Mazzetti v. New Jersey Div. of Child Prot. & Permanency*, No. 14-8134, 2017 WL 1159726, at *17 (D.N.J. Mar. 27, 2017) (citing U.S. Const. amend. VI). Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

The allegations in the Complaint do not appear to involve any of those rights. Accordingly, the Court will dismiss without prejudice Plaintiff's Sixth and Eighth Amendment claims.

### 4. Fourth and Fourteenth Amendment Claims

Next, the Court construes the Complaint to allege that the search leading to Plaintiff's arrest lacked probable cause. (ECF No. 1, at 3). Under the Fourth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, provides that "[t]he right of

the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

Plaintiff summarily concludes that the "information supplied to the magistrate to give authorization to search was misleading." (ECF No. 1, at 3). Plaintiff, however, cannot rely on bare conclusions; he must allege *facts* to state a claim. Indeed, Plaintiff fails to allege *who* supplied the information, *what* the information was, *where* the search occurred, or *how* the information was misleading.

Similarly, Plaintiff concludes that Defendants fabricated evidence in violation of his due process rights under the Fourteenth Amendment, without alleging facts to support his claims. To state a fabricated evidence claim, a plaintiff must show that he was: "convicted at a trial at which the prosecution . . . used fabricated evidence, . . . [and] there is a reasonable likelihood that, without the use of that evidence," that he "would not have been convicted." *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). Plaintiff, however, fails to allege *who* fabricated the evidence, *what* was the evidence at question, or *how* it resulted in his conviction.

Accordingly, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported merely by conclusory statements," *Iqbal*, 556 U.S. at 678, and dismiss Plaintiff's Fourth and Fourteenth Amendment claims, without prejudice, for failure to state a claim.

Although not necessary to the Court's disposition, *Heck* likely bars Plaintiff's Fourth and Fourteenth Amendment claims. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has received a conviction on charges directly related to the § 1983 claim. In particular, *Heck* restricts a Plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck,* 512 U.S. at 486.

In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

Accordingly, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

With those principles in mind, assuming Plaintiff had facts to properly support his lack of probable cause and fabricated evidence related claims, a judgment in his favor on those claims "would completely erode the basis for his state court conviction, implying that the conviction was invalid." *Robinson v. New Jersey State Police*, No. 11-06070, 2012 WL 5944298, at *2 (D.N.J. Nov. 27, 2012). As a result, given that Plaintiff's conviction has not been overturned by any of the methods discussed above, the Court would also dismiss his Fourth and Fourteenth Amendment claims as *Heck* barred. *See id.*

Taken together, no federal claims remain against the Defendants. Consequently, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for malicious prosecution. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). That said, *Heck* would also bar Plaintiff's malicious prosecution claim. Under New Jersey law, the elements of a malicious prosecution claim arising out of a criminal matter are: (1) the defendant instituted the criminal action against the plaintiff; (2) it was actuated by malice; (3) there was an

7

absence of probable cause for the proceeding; and (4) the criminal proceeding was terminated favorably to the plaintiff. *Cantrambone v. Sydnor*, No. 07–1345, 2007 WL 1652295, at *2 (D.N.J. May 29, 2007) (citing *Lind v. Schmid,* 67 N.J. 255, 262 (1975)).

As discussed above, *Heck* bars Plaintiff from claiming that his criminal proceedings lacked probable cause, and therefore, Plaintiff cannot prove the third element of a malicious prosecution claim. Nor can Plaintiff establish the fourth element, that the proceedings terminated favorably, as Plaintiff is still serving his criminal sentence and his appeals are still pending. Accordingly, for those reasons, the Court would have also dismissed Plaintiff's malicious prosecution claim.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's First and Fifth Amendment claims with prejudice, and dismiss Plaintiff's Fourth, Sixth, Eighth, and Fourteenth Amendment claims without prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's malicious prosecution claim. An appropriate Order follows.

Dated: June 22, 2020                                                                s/Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                   United States District Judge